IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JENNIFER LEVRIE**                                              **PLAINTIFF**

vs.                              Case No. 5:19-cv-1371

**USAA INSURANCE AGENCY, INC.**                     **DEFENDANTS**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Jennifer Levrie by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against USAA Insurance Agency, Inc., she does hereby state and allege as follows:

### I.        PRELIMINARY STATEMENTS

1.        Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2.        Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

### II.        JURISDICTION AND VENUE

3.        The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     Defendant conducts business in this District and a substantial part of the records of the violations alleged herein are in this District.

5.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

6.     Plaintiff was employed by Defendant at Defendant's facility located in San Antonio. Therefore, the acts alleged in this Complaint had their principal effect within the Western Division of the San Antonio District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

### III.     THE PARTIES

7.     Plaintiff is a resident and domiciliary of Texas.

8.     Plaintiff was employed by Defendant between January of 2016 until present as an hourly-paid employee.

9.     Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

10.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

11.     At all relevevant times, Defendants are, and have been, an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

12.     Defendant is a domestic for-profit corporation.

13.     Defendant's registered agent for service of process in Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

14.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

15.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the shoe and retail industry.

## IV.      FACTUAL ALLEGATIONS

16.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17.     Defendant is an insurance and banking company based in Texas.

18.     Defendant employed Plaintiff at its San Antonio office within the three years prior to the filing of this lawsuit.

19.     Plaintiff worked as an executive assistant, performing duties such as coordinating events, collecting data, and ordering supplies.

20.     During the period relevant to this lawsuit, Defendant classified Plaintiff as an hourly employee, non-exempt from the overtime requirements of the FLSA.

21.     Plaintiff's hours varied from week to week, but Plaintiff regularly worked more than 40 hours a week.

22.    Plaintiff's supervisor frequently instructed her to record only some of her overtime hours, which resulted in Plaintiff regularly working unrecorded hours.

23.    Because of the unrecorded hours, Plaintiff was deprived of compensation for all hours worked, including overtime compensation for all hours worked over forty (40) per week.

24.    Plaintiff received a yearly, nondiscretionary bonus.

25.    Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

26.    Upon information and belief, Defendant did not include Plaintiff's bonus in the regular rate when calculating Plaintiff's overtime pay.

27.    Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**V.      CAUSE OF ACTION: FAIR LABOR STANDARDS ACT**

28.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

29.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

30.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

31.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

32.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

33.    At all times relevant to this Complaint, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

34.    Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5 times her regular rate of pay for all hours worked over forty (40) in each one-week period.

35.    Defendant's failure to pay overtime wages owed was willful.

36.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.    RELIEF SOUGHT

WHEREFORE, premises considered, Plaintiff Jennifer Levrie prays that Defendant be summoned to appear and answer herein and for judgment against Defendant as follows:

A.     An award of unpaid wages for all hours worked in excess of forty (40) in a workweek at a rate of one and one-half times (1.5) the regular rate of pay under the FLSA;

B.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C.     An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of forty (40) in a workweek at a rate of one and one-half (1.5) of the regular rate of pay pursuant to 29 U.S.C. § 216;

D.     An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

E.     An Order compelling the accounting of the books and records of Defendant, at Defendant's own expense;

F.     An award of costs and expenses of this action together with reasonable attorney's fees; and

G.     Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PLAINTIFF JENNIFER LEVRIE**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com